**MIGLIACCIO & RATHOD LLP**

Matthew Smith (SBN 309392)
201 Spear St., Ste. 1100
San Francisco, CA 94105
Telephone: (202) 470-3520
Facsimile: (202) 800-2730

Nicholas Migliaccio, *pro hac vice* forthcoming
Jason Rathod, *pro hac vice* forthcoming
Randolph T. Chen, *pro hac vice* forthcoming
412 H St. NE, Suite 302
Washington D.C. 20002
Telephone: (202) 470-3520
Facsimile: (202) 800-2730

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL GEORGE II, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>COSTCO WHOLESALE CORP.,<br><br>    Defendant. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

1.     Plaintiff Russel George II brings this consumer protection class action against Defendant Costco Wholesale Corporation ("Costco"), a nationwide retailer, for engaging in an automatic renewal scheme that violates California's consumer protection laws.

2.     California's Automatic Renewal Law (ARL) was passed "to end the practice of ongoing charging of consumer credit or debit cards . . . without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600.

3.     The ARL provides consumers with substantive notice rights that require companies to provide a notice prior to charging for an autorenewal. Cal. Bus. & Prof. Code § 17602(8).

4.     The ARL requires that the notice "shall be provided at least 15 days and not more than 45 days before the automatic renewal offer [] renews" for an automatic renewal service with an initial term of one year or longer. Cal. Bus. & Prof. Code § 17602(b)(2).

5.     The ARL further requires that the notice "clearly and conspicuously state" the following information: the "length and any additional terms of the renewal period," the "amount or range of costs the consumer will be charged," and "[o]ne or more methods by which a consumer can cancel the automatic renewal." Cal. Bus. Code § 17602(a)(8).

6.     Costco systemically violates the ARL by providing its consumers, including Plaintiff, with an emailed notice that arrives 60 days prior to automatically charging their credit cards, which is untimely and outside the 45-day window set by the ARL.

7.     The notice also fails to include statutorily-required information, such as the length and terms of the renewal, the amount to be charged, and any methods to cancel the automatic renewal.

8.     As a result of this exceedingly untimely and deficient notice, Costco has caused injury to California consumers by violating their statutory rights to truthful information and causing pocketbook injury by charging them for annual memberships without providing notice required by law.

9.     Plaintiff brings this action on behalf of himself and similarly situated individuals under the ARL, the California False Advertising Law (FAL) California Consumer Legal Remedies Act (CLRA), and the California Unfair Competition Law (UCL), and common law.

## PARTIES

10. Plaintiff is a resident of San Pablo, California.

11. Defendant Costco Wholesale Corporation ("Costco" or "Defendant") is a Washington corporation headquartered at 999 Lake Drive, Issaquah, WA 98027. Costco transacts business in California by operating at least 133 retail stores in California.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because at least two thirds of the Class Members are citizens of states different from the Defendant's; more than 100 Class Members exist; and the amount in controversy for the Class exceeds $5,000,000.

13. This Court has jurisdiction over this action because Defendant is registered to conduct business in the state; maintains sufficient minimum contacts in California; and otherwise intentionally avails itself of the California markets through transacting business in the state through its retail stores, which renders the exercise of jurisdiction by this Court proper.

14. Venue is proper in this District, under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PLAINTIFF'S ALLEGATIONS

15. In January 2023, Plaintiff purchased a "Gold Star" annual membership from Costco through Costco's online website, which autorenewed on an annual basis.

16. Plaintiff purchased his Costco membership online from his residence, which at the time was in Hercules, CA. Plaintiff moved to San Pablo, CA in 2024 and his Costco membership presently lists his San Pablo, CA address as his "Membership Address."

17. Costco's "Gold Star" membership costs $65 and provides members with access to shop at Costco's retail stores, which sell a variety of consumer goods, including groceries, household items, clothing, and electronics.

18. In late 2025, Plaintiff began reconsidering whether he should maintain his annual Costco membership due to the low frequency with which he shopped at Costco.

19.    However, on January 2, 2026, Plaintiff was surprised to learn that Costco automatically renewed his Gold Star annual membership, charging his payment card $65.

20.    Prior to charging Plaintiff's payment card, Costco failed to provide the notice the ARL requires to be provided at least 15 days prior to and not more than 45 days before the automatic renewal. Cal. Bus. & Prof. Code § 17602(b)(2).

21.    While Costco provided Plaintiff with an email notice on November 3, 2025, this notice was untimely, as it was sent 60 days prior to when Costco charged Plaintiff's payment card for the autorenewal on January 2, 2026—and therefore outside the 45-day limit imposed by the ARL. Cal. Bus. & Prof. Code § 17602(b)(2).

22.    Costco's email notice, which is screenshotted below, also failed to contain ARL-required information regarding the "length and any additional terms of the renewal period," the "amount or range of costs the consumer will be charged," and "[o]ne or more methods by which a consumer can cancel the automatic renewal." Cal. Bus. Code § 17602(a)(8).



23.    Due to Costco's untimely and deficient autorenewal notice, Plaintiff was deprived of information he was statutorily entitled to that would have notified him of the upcoming autorenewal and provided him with methods of cancellation. Had Plaintiff been provided this notice in a timely manner, he would have cancelled his membership and not gone forward with the autorenewal. As a result, Plaintiff suffered informational injury as a result of Costco's violations of the ARL.

24.    In addition, Costco's violations of the ARL caused Plaintiff monetary injury of $65 because had he received the notice required by the ARL, he would have cancelled his membership and not gone forward with the autorenewal.

## COMMON FACTUAL ALLEGATIONS

25.    Costco maintains two types of annual memberships: a "Gold Star" membership that presently costs $65/year and an "Executive" membership that costs $130/year, which includes additional benefits, such as early shopping hours and an annual 2% reward.

26.    Costco maintains a similar notice system with respect to both its Gold Star and Executive memberships.

27.    Costco's violations of the ARL with respect to an untimely and deficient notice is not unique to Plaintiff, but is instead systemic and applies to a substantial number of its California customers who have purchased membership plans, who number well into the thousands.

28.    As shown by the November 3, 2025, form email sent by Costco to Plaintiff, Costco employs an automated and standardized notice system regarding upcoming autorenewals that sends a substantially similar notice on a substantially similar timeline to other California customers.

29.    Costco's notice system systemically violates the ARL by providing the notice approximately two months prior to the autorenewal charge—which is in violation of the requirement providing the notice shall be provided "not more than 45 days before the automatic renewal" set by the ARL. Cal. Bus. & Prof. Code § 17602(b)(2).

30.    Costco's notice system also systemically violates the ARL by failing to provide statutorily-required information, such as the "length and any additional terms of the renewal period," the

"amount or range of costs the consumer will be charged," and "[o]ne or more methods by which a consumer can cancel the automatic renewal." Cal. Bus. Code § 17602(a)(8).

31. Costco's violations of the ARL have the effect of failing to give consumers information to which they are substantively entitled that would otherwise notify them of an upcoming autorenewal and provide information necessary to cancel such autorenewals.

32. The systemic nature of Costco's violation of the ARL is demonstrated by numerous online complaints and reports that confirm that the manner in which Costco provided Plaintiff with notice exceeding the 45-day cutoff set by the ARL is common, and not unique to Plaintiff.

33. For example, consistent with Plaintiff's experience receiving the notice 60 days prior to the autorenewal, in a Reddit thread in the /r/Costco Subreddit, one user reported Costco systemically sends out autorenewal notifications "2 months in advance," screenshot excerpted below.[1]



---

[1] https://www.reddit.com/r/Costco/comments/16bj1np/why_did_costco_renew_my_membership_almost_a_month/

34. Other users have made similar notice complaints that they never received a notice altogether. For example, the following user complained they never received a notice at all prior to the renewal of the autorenewal and charging of their credit card, despite being accustomed to other autorenewal memberships that provide "a notice 30 days in advance to renew your card."[2]



35. Another consumer complaint made on the Better Business Bureau's (BBB) website complains of a similar failure to provide notice prior to the autorenewal, where a consumer "unselected the auto renew" option in their account but was nevertheless surprised when they were charged an unnoticed autorenewal of "$70.00 on 9/3/2024."[3]



---

[2] https://www.reddit.com/r/Costco/comments/lvrg1v/auto_renewal/.
[3] https://www.bbb.org/us/wa/issaquah/profile/buying-clubs/costco-1296-503409/complaints?page=5&sort=recent&status=&type=billingissues.

36.     Other consumers have complained about Costco's failure to clearly and conspicuously provide information about how to cancel the autorenewal. For example, the following consumer complaint made with BBB complains about the lack of "any evident option to cancel a membership on [Costco's] website."[4]

37.     Similarly, another consumer complaint made with BBB complains that they were forced to cancel on the phone, and complains that Costco does not "provide a convenient way to cancel" their memberships.[5]

[4] https://www.bbb.org/us/wa/issaquah/profile/buying-clubs/costco-1296-503409/complaints?page=6&sort=recent&status=&type=billingissues.
[5] https://www.bbb.org/us/wa/issaquah/profile/buying-clubs/costco-1296-503409/complaints?page=5&sort=recent&status=&type=billingissues.

**CLASS ACTION COMPLAINT**

8

## CLASS ALLEGATIONS

38.     Plaintiff brings this lawsuit on behalf of himself and all similarly situated individuals and entities, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Class is defined as follows:

> **Class:** All California residents who purchased a Costco Gold or Executive membership and for whom Costco charged an autorenewal without providing a notice of the autorenewal between 15 and 45 days preceding the date of the autorenewal charge.

39.     Excluded from the Class is Defendant, its affiliates, and its current and former employees, officers and directors.  Plaintiff reserves the right to modify, change, or expand the definitions of the Class based upon discovery and further investigation.

40.     *Numerosity*: The Class is so numerous that joinder of all members is impracticable. At least thousands of Class Members have been subjected to Defendant's conduct. The class is ascertainable by reference to records in the possession of Defendant.

41.     *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of Defendant's common conduct in notifying California consumers regarding upcoming autorenewals of membership plans. All of Plaintiff's claims are typical of the claims of the Class since Plaintiff and all Class Members were injured in the same manner by Defendant's uniform course of conduct described herein.  Plaintiff and all Class Members have the same claims against Defendant relating to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are identical to those giving rise to the claims of all Class Members.  Plaintiff and all Class Members sustained common injuries including, but not limited to, the deprivation of their statutory right to truthful information and monetary injury arising out of Defendant's course of conduct as described herein. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

42.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of Class Members. Plaintiff has retained counsel

---

experienced in the prosecution of complex class actions including, but not limited to, consumer class actions involving state consumer fraud statutes.

43.   *Predominance and Commonality*: Common questions of law and fact exist as to all members of the Class. These questions predominate over questions affecting individual members of the Class and include:

   a.   Whether Costco maintained a common practice of notifying California customers regarding autorenewals greater than 45 days prior to charging customers for the autorenewal;

   b.   Whether Costco utilized a form notice in notifying California customers regarding autorenewals that lacked information related to the duration and terms of the autorenewal;

   c.   Whether Costco utilized a form notice in notifying California customers regarding autorenewals that lacked information related to the amount charged in the upcoming autorenewal;

   d.   Whether Costco utilized a form notice in notifying California customers regarding autorenewals that lacked information related to how to cancel the autorenewal.

44.   *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable, and the amount at issue for each Class member would not justify the cost of litigating individual claims. Should individual Class Members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

45.   *Manageability*: Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

---

**CLASS ACTION COMPLAINT**

<u>**COUNT I:**</u>

<u>**VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW (FAL)**</u>

(Cal. Bus. & Prof. Code § 17500, *et seq.*)

46.    Plaintiff incorporates all allegations in this Complaint herein.

47.    Plaintiff is a "person" under the FAL. Cal. Bus. & Prof. Code § 17500.

48.    Defendant is a "corporation" under the FAL. Cal. Bus. & Prof. Code § 17500.

49.    The FAL authorizes a private right of action for any violation of Chapter 1, including the ARL. *See* Cal. Bus. & Prof. Code § 17535 (actions can be brought by "any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter"); § 17602 (ARL).

50.    The FAL makes it unlawful for corporations to make "untrue or misleading" statements relating to services, which include autorenewal services. Cal. Bus. & Prof. Code § 17500.

51.    Defendant violated Section 17500 of the Business and Professions Code by disseminating misleading statements regarding Defendant's autorenewal service through Defendant's untimely and deficient autorenewal notices. Such statements were misleading because they omitted material information required by the ARL regarding the terms and amount charged in upcoming autorenewals, as well as information regarding how to cancel such autorenewals, that had a tendency to mislead consumers by failing to provide them with statutorily-required information that otherwise would have notified them how to cancel their autorenewals.

52.    That same conduct violates Section 17602 of the Business and Professions Code (the ARL). As alleged above, Defendant violated the ARL by failing to provide timely notice of the autorenewal and failure to clearly and conspicuously disclose information in the notice required by the ARL, such as the length and additional term of the renewal period, the amount to be charged for the autorenewal, and a method to cancel the autorenewal.

53.    Defendant knew or reasonably should have known that its violations are misleading to reasonable consumers.

54.    Plaintiff and class members relied upon Defendant's misleading representations and omissions to their detriment, as Defendant's untimely provision of the autorenewal notice and failure to include information required by the ARL caused them monetary injury in the form of an autorenewal.

55.    Classwide reliance can be presumed and inferred because Defendant's violations of the ARL constituted a material omission of information.

56.    Defendant's violations of the ARL and FAL also caused informational injury to Plaintiff and class members. Defendant's untimely notices that lacked the information required by the ARL deprived Plaintiff and class members of their substantive entitlement to information conferred by statute. Defendant's deficient notices had adverse effects upon Plaintiff and class members by impairing their ability to obtain timely and accurate information necessary to cancel an upcoming autorenewal. Finally, Defendant's untimely and deficient notices frustrate the California legislature's goal of ensuring companies obtain consumers' express consent before processing an autorenewal and providing fulsome information regarding an upcoming autorenewal.

57.    Defendant's violations of the ARL were a substantial factor and proximate cause of monetary injury and informational injury to Plaintiff and class members.

58.    Plaintiff brings this cause of action individually and on behalf of similarly situated class members and seeks all relief authorized by law, including injunctive relief.

## COUNT II: VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW  (UCL)

(Cal. Bus & Prof. Code § 17200, *et seq.*)

59.    Plaintiff incorporates all allegations in this Complaint herein.

60.    Defendant is "person" as defined in Cal. Bus. & Prof. Code § 17201.

61.    The UCL prohibits unfair competition, which includes unlawful, unfair, or fraudulent business acts of practices. Cal. Bus. & Prof. Code § 17200.

62.    Defendant violated the UCL by engaging in unfair competition in California through its autorenewal practices that violate the ARL. Cal. Bus. & Prof. Code § 17203.

63. *Unlawful.* Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable. Defendant committed unlawful practices because, as alleged above and incorporated here, it violated California's Automatic Renewal Law.

64. *Unfair.* Defendant's violations of the ARL in the course of automatically renewing consumers' memberships was unfair. The harm to Plaintiff and class members caused by such unfair acts outweighs any public utility of Defendant's conduct and provides no countervailing benefits to consumers or competition.

65. Plaintiff and class members were harmed by being deprived of their statutory notice rights under the ARL and suffering monetary injury caused by autorenewal practices in violation of the ARL. Plaintiff and class members could not have reasonably avoided such injury, as Defendant's violations amounted to material omissions.

66. It was feasible for Defendant to comply with the ARL, which was a reasonably available alternative to failing to comply with the ARL.

67. In addition, Defendant's violation of the ARL constitutes a violation of established public policy.

68. *Deceptive.* Defendant's violations of the ARL were deceptive, as it failed to provide Plaintiff and class members with statutorily-required information as to the terms and amount charged in upcoming autorenewals, as well as information regarding how to cancel such autorenewals.

69. Plaintiff and class members relied upon Defendant's misleading representations and omissions to their detriment, as Defendant's untimely provision of the autorenewal notice and failure to include information required by the ARL and in turn, the UCL caused them monetary injury in the form of an autorenewal.

70. Classwide reliance can be presumed and inferred because Defendant's violations of the ARL and UCL constituted a material omission of information.

71. Defendant's violations of the ARL and UCL also caused informational injury to Plaintiff and class members. Defendant's untimely notices that lacked the information required by the ARL deprived Plaintiff and class members of their substantive entitlement to information conferred by statute.

---

**CLASS ACTION COMPLAINT**

13

Defendant's deficient notices had adverse effects upon Plaintiff and class members by impairing their ability to obtain timely and accurate information necessary to cancel an upcoming autorenewal. Finally, Defendant's untimely and deficient notices frustrate the California legislature's goal of ensuring companies obtain consumers' express consent before processing an autorenewal and providing fulsome information regarding an upcoming autorenewal.

72.    Defendant's violations of the ARL and UCL were a substantial factor and proximate cause of monetary injury and informational injury to Plaintiff and class members.

73.    Defendant's conduct was oppressive and substantially injurious to consumers.

74.    Plaintiff brings this cause of action individually and on behalf of similarly situated class members and seeks all relief authorized by law, including injunctive relief.

**COUNT III: VIOLATIONS OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT (CLRA)**

(Cal. Civ. Code § 1750, *et seq.*)

75.    Plaintiff incorporates all allegations in this Complaint herein.

76.    Plaintiff is a "consumer" as defined in Cal. Civ. Code § 1761(d) because he purchased a membership from Defendant for personal, family, or household purposes.

77.    Defendant is a "person" as defined in Cal. Civ. Code § 1761(c).

78.    Defendant's autorenewal services for its memberships are "services" as defined in Cal. Civ. Code § 1761(a).

79.    Defendant's violations of the ARL constituted prohibited unfair methods of competition and unfair or deceptive acts prohibited by the CLRA.

80.    Defendant's untimely notices that failed to contain information required by the ARL constituted a misrepresentation by omission of material facts relating to the autorenewal services that violated the CLRA's prohibition unfair methods of competition and unfair or deceptive acts or practices. Cal. Civ. Code § 1770(a). These violations include, but are not limited to:

81.    Defendant's untimely notices and material omissions violated the CLRA's prohibition on "[r]epresenting that [] services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have" Cal. Civ. Code § 1770(a)(5).

---

**CLASS ACTION COMPLAINT**

14

82.    Defendant's untimely notices and material omissions violated the CLRA's prohibition on "[a]dvertising [] services with intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(5).

83.    Defendant's untimely and deficient autorenewal notices represented that the membership renewal involves Defendant's right to automatically renew, and charge consumers automatically for, the membership, without providing the notice and information required under the ARL, in violation of Cal. Civ. Code § 1770(a)(14).

84.    Plaintiff and class members relied upon Defendant's misleading representations and omissions to their detriment, as Defendant's untimely provision of the autorenewal notice and failure to include information required by the ARL and in turn, the CLRA, caused them monetary injury in the form of an autorenewal.

85.    Classwide reliance can be presumed and inferred because Defendant's violations of the ARL constituted a material omission of information.

86.    Defendant's violations of the ARL and CLRA also caused informational injury to Plaintiff and class members. Defendant's untimely notices that lacked the information required by the ARL deprived Plaintiff and class members of their substantive entitlement to information conferred by statute. Defendant's deficient notices had adverse effects upon Plaintiff and class members by impairing their ability to obtain timely and accurate information necessary to cancel an upcoming autorenewal. Finally, Defendant's untimely and deficient notices frustrate the California legislature's goal of ensuring companies obtain consumers' express consent before processing an autorenewal and providing fulsome information regarding an upcoming autorenewal.

87.    Defendant's violations of the ARL and CLRA were a substantial factor and proximate cause of monetary injury and informational injury to Plaintiff and class members.

88.    In compliance with the provisions of California Civil Code § 1782, Plaintiff sent written notice to Defendant on January 20, 2026, informing Defendant of his intention to seek damages under California Civil Code § 1750 on behalf of himself and similarly-situated California consumers (the "Notice Letter"). The letter was sent via certified mail, return receipt requested, and informed Defendant that it was in violation of the CLRA and demanding that it rectify such violations. Defendant responded

to the Notice Letter on February 27, 2026, but refused to provide the requested relief or an otherwise appropriate remedy in response to Plaintiff's demand set out in the Notice Letter.

89. Plaintiff brings this cause of action individually and on behalf of similarly situated class members and seeks all relief authorized by law, including injunctive relief, actual damages in an amount to be proven at trial, nominal damages, restitution of money unlawfully taken, reasonable attorney's fees, and any other relief that the Court deems proper. Cal. Civ. Code § 1780.

## COUNT FOUR: CONVERSION

90. Plaintiff incorporates all allegations of the Complaint herein.

91. Defendant unlawfully and wrongly exercised control over a specific sum of money (i.e., their membership fees) that belonged to Plaintiff and class members when it charged their payment cards in autorenewing their memberships without providing them in a timely fashion with material information about the terms and amount of the upcoming charge, including how to cancel the upcoming autorenewal, as required by the ARL.

92. Plaintiff and class members had a right to that specific sum of money (i.e., their membership fee) at the time it was wrongfully taken by Defendant.

93. Plaintiff brings this cause of action individually and on behalf of similarly situated class members and seeks all relief authorized by law, including actual damages in an amount to be proven at trial, nominal damages, and any other relief that the Court deems proper.

## COUNT FIVE: NEGLIGENT MISREPRESENTATION

94. Plaintiff incorporates all allegations of the Complaint herein.

95. Defendant made material misrepresentations and omissions in notify Plaintiff and class members of upcoming autorenewal charges that failed to inform them in a timely fashion of an upcoming autorenewal charge, and failed to provide information regarding the terms and amount of the autorenewal, as well as how to cancel the autorenewal.

96. Defendant knew or should have known at the time it made such material misrepresentations and omissions amounted to an untrue statement.

97.    Defendant made such material misrepresentations and omissions with the intent to induce Plaintiff and class members to automatically renew their memberships.

98.    In addition, classwide reliance can be presumed and inferred because Defendant made a material omission of information.

99.    Defendant's misrepresentations and omissions were a substantial factor and proximate cause of monetary harm to Plaintiff and class members.

100.    Plaintiff brings this cause of action individually and on behalf of similarly situated class members and seeks all relief authorized by law, including actual damages in an amount to be proven at trial, nominal damages, and any other relief that the Court deems proper.

101.    Plaintiff brings this cause of action individually and on behalf of similarly situated class members and seeks all relief authorized by law, including actual damages in an amount to be proven at trial, and any other relief that the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of themselves and the proposed Classes:

   a.    an order certifying the proposed Class, designating Plaintiff as named representatives of the Class, and designating the undersigned as Class Counsel;

   b.    a declaration that Costco's autorenewal practices are unlawful in violation of the ARL, FAL, UCL, CLRA, and common law;

   c.    an award to Plaintiff and Class Members of damages, including actual damages and/or nominal damages, including interest, in an amount to be proven at trial;

   d.    a declaration that Costco must disgorge, for the benefit of Plaintiff and the Class Members, all or part of the ill-gotten profits it received from its unlawful autorenewal practices;

   e.    an injunction requiring Costco to amend its autorenewal notices to contain the information and sent according to the schedules required by the ARL;

   f.    an award of attorneys' fees and costs, under Cal. Code Civ. Proc. § 1021.5, Cal. Civ. Code § 1780(e), and as otherwise allowed by law;

g.  an award of pre-judgment and post-judgment interest;

h.  leave to amend this Complaint to conform to the evidence produced at trial; and

i.  such other and further relief as the Court may deem appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable as of right.

DATED: March 18, 2026                                   Respectfully submitted,

By: *s/ Matthew Smith*

Matthew Smith (SBN 309392)
201 Spear St., Ste. 1100
San Francisco, CA 94105
Telephone: (202) 470-3520
Facsimile: (202) 800-2730

Nicholas Migliaccio*
Jason Rathod*
Randolph T. Chen*
412 H St. NE, Suite 302
Washington D.C. 20002
Telephone: (202) 470-3520
Facsimile: (202) 800-2730

*Attorneys for Plaintiff*

*\* Pro hac vice application forthcoming*